UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONAGRA FOODS PACKAGED FOODS COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:06-CV-1116 CAS |
| ELOPAK, INC. AND ELOPAK CANADA, INC., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff ConAgra Foods Packaged Foods Company, Inc.'s ("ConAgra") motion to remand. Plaintiff's motion is concurred in by the defendants. For the following reasons, the Court will grant plaintiff's motion.

### **Background**

Plaintiff alleges that on December 23, 2004, it placed a purchase order with Elopak, Inc. for approximately 1.9 million cartons to be used for product packaging. Plaintiff contends that Elopak did not make the cartons to the agreed upon specifications which resulted in a material breach of the parties' contract agreement. Plaintiff further alleges that this material breach resulted in losses and damages equaling or exceeding $252,625.93. In an effort to recoup these alleged losses plaintiff commenced this action on June 16, 2006 in the Circuit Court of St. Louis County, Missouri, and it was subsequently removed to this Court on July 21, 2006 based on diversity of citizenship.

**Standard**

"District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and the action is "between citizens of different states." 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1332(c)(1) creates an exception to § 1332(a)(1) stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A defendant may remove state court actions to federal court that meet the requirements of original jurisdiction in § 1332. See 28 U.S.C. § 1441(a). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of different citizenship from all of those on the other." Stouffer Corp. v. Breckenridge, 859 F.2d 75, 79 (8th Cir. 1998) (citations omitted).

**Discussion**

In its motion to remand, plaintiff asserts that because both plaintiff ConAgra and defendant Elopak, Inc. are incorporated in the State of Delaware, complete diversity of citizenship, as defined by 28 U.S.C. § 1332, does not exist between the parties. In response to plaintiff's motion to remand, defendants do not dispute plaintiff's factual assertions and state that they have contacted plaintiff's counsel to express their concurrence with the motion. Because both plaintiff and defendant Elopak, Inc. are incorporated in Delaware, this Court does not have subject matter jurisdiction over this matter as defined by 28 U.S.C. § 1332(a)(1). Therefore, the Court should grant plaintiff's motion and remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff ConAgra Foods Packaged Foods Company, Inc.'s motion to remand is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, for lack of subject matter jurisdiction.

An appropriate order of remand will accompany this memorandum and order.

                                                                                        **CHARLES A. SHAW**
                                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of November, 2006.